IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
CORPUS CHRISTI DIVISION

| | | |
|---|---|---|
| DANNY JOE IRBY § | | |
|     TDCJ-CID #1010690 § | | |
| v. § | | C.A. NO. C-10-041 |
| § | | |
| NUECES COUNTY, ET AL. § | | |

## MEMORANDUM AND RECOMMENDATION
## TO DISMISS CERTAIN CLAIMS AND TO RETAIN CASE

This civil rights action was filed by a state prisoner pursuant to 42 U.S.C. § 1983.

Pursuant to the Prison Litigation Reform Act, Pub. L. No. 104-134, 10 Stat. 1321 (1996), any prisoner action brought under federal law must be dismissed if the complaint is frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief from a defendant immune from such relief. See 42 U.S.C. § 1997e(c); 28 U.S.C. §§ 1915(e)(2), 1915A. Plaintiff's action is subject to screening regardless whether he prepays the entire filing fee, or proceeds as a pauper. Ruiz v. United States, 160 F.3d 273, 274 (5th Cir. 1998) (per curiam); Martin v. Scott, 156 F.3d 578, 580 (5th Cir. 1998) (per curiam). Plaintiff's pro se complaint must be read indulgently, see Haines v. Kerner, 404 U.S. 519, 520 (1972) (per curiam), and his allegations must be accepted as true, unless they are clearly irrational or wholly incredible. Denton v. Hernandez, 504 U.S. 25, 32-33

(1992).

Applying these standards, it is respectfully recommended that plaintiff's claims of deliberate indifference to his serious medical needs against the Nueces County Sheriff and the Nueces County Medical Director be dismissed, and that Nueces County be substituted as the proper defendant. It is also respectfully recommended that plaintiff's excessive force claims against Officer John Doe be retained.

## I.  JURISDICTION

The Court has federal question jurisdiction over this civil rights action pursuant to 28 U.S.C. § 1331.

## II.  FACTUAL ALLEGATIONS

Plaintiff is an inmate in the Texas Department of Criminal Justice, Correctional Institutions Division, and is currently incarcerated at the West Texas Intermediate Security Facility in Brownfield, Texas, although his claims concern events that occurred while he was incarcerated at the Nueces County Jail. He filed his original complaint on February 4, 2010, and named the Nueces County Sheriff and the Nueces County Medical Director as defendants. (D.E. 1). The following allegations were made in plaintiff's original complaint, or at the February 23, 2010

Spears[1] hearing.

On January 8, 2010, plaintiff was incarcerated at the Nueces County Jail. Following breakfast and at approximately 4:00 a.m., while he was using the toilet in his cell, he heard Officer John Doe yell, "Close the door!" As plaintiff reached for the door, the officer kicked the door shut, catching plaintiff's left index finger in the door frame. He screamed, but the officer did not do anything.

The next day, plaintiff went to the infirmary seeking medical attention. While there, unidentified medical personnel told him that the Jail "did not treat broken fingers or debride wounds." Thereafter, plaintiff sent three separate requests for medical treatment, but he was not seen again in the infirmary.

On January 13, 2010, an officer filled out a medical request form for him. That officer then took plaintiff to the pill nurse seeking help for him. She gave him an anti-inflammatory pill and a mild pain pill.

On January 14, 2010, plaintiff was transferred to West Texas Unit. On January 15, 2010, prison medical personnel evaluated and diagnosed him with a broken finger and an infection. He was then transferred to a hospital in Lubbock for treatment, where he received antibiotics and was operated on twice.

---

[1] Spears v. McCotter, 766 F.2d 179 (5th Cir. 1985); see also Eason v. Holt, 73 F.3d 600, 603 (5th Cir. 1996) (testimony given at a Spears hearing is incorporated into the pleadings).

Plaintiff is seeking compensatory and punitive damages.

### III.  DISCUSSION

**A.     Legal Standard For A Civil Rights Action Pursuant To 42 U.S.C. § 1983.**

Plaintiff's action may be dismissed for failure to state a claim upon which relief can be granted despite his failure to exhaust administrative remedies.  42 U.S.C. § 1997e(c)(2).  It is well established that "[t]o state a claim under 42 U.S.C. § 1983, a plaintiff must allege the violation of a right secured by the Constitution and laws of the United States, and must show that the alleged deprivation was committed by a person acting under color of state law."  West v. Atkins, 487 U.S. 42, 48 (1988); see also Biliski v. Harborth, 55 F.3d 160, 162 (5th Cir. 1995) (per curiam).  An action may be dismissed for failure to state a claim when it is clear that the prisoner can prove no set of facts in support of his claim entitling him to relief.  Oliver v. Scott, 276 F.3d 736, 740 (5th Cir. 2002) (citation omitted).  The complaint must be liberally construed in favor of the prisoner, and the truth of all pleaded facts must be assumed.  Id. (citation omitted).

**B.     Plaintiff's Claims Against The Nueces County Sheriff and Medical Director Should Be Dismissed.**

Plaintiff named the Nueces County Sheriff and the Nueces County Medical Director as defendants.  He claimed that these individuals are liable for his injuries

because they were ultimately "in charge" of the operations of the jail and the infirmary.

Section 1983 does not create supervisory or *respondeat superior* liability. Oliver v. Scott, 276 F.3d 736, 742 (5th Cir. 2002). Only the direct acts or omissions of government officials, not the acts of subordinates, will give rise to individual liability pursuant to § 1983. Id. at 742 n.6 (citing Alton v. Tex. A&M Univ., 168 F.3d 196, 200 (5th Cir. 1999)). Supervisory officials may be held liable only if they (1) affirmatively participate in acts that cause the constitutional deprivation, or (2) implement unconstitutional policies that causally result in plaintiff's injury. Id. at 742; Thompkins v. Belt, 828 F.2d 298, 303-04 (5th Cir. 1997).

In this case, plaintiff admitted that he never met, or had any contact with the Sheriff or Medical Director. Thus, he is attempting to hold these individuals liable for the acts of their subordinates, claims that are not recognizable pursuant to § 1983. Thus, it is respectfully recommended that plaintiff's claims against the Sheriff and Medical Director be dismissed for failure to state a claim.

**C.     Plaintiff's Claim Against Nueces County Should Be Retained.**

At the evidentiary hearing, plaintiff testified that Nueces County failed to provide adequate medical treatment following his injuries.

A county qualifies as a "person" subject to liability under § 1983. Monell v. Dep't of Soc. Servs., 436 U.S. 658, 691 & n.54 (1978). However, as a unit of local government, Nueces County cannot be held liable under 42 U.S.C. § 1983 for the actions of officers or employees on a theory of *respondeat superior*. Id. at 691. A municipality such as Nueces County is only liable under § 1983 for a deprivation of rights protected by the Constitution or federal law that is inflicted pursuant to official policy. Id. at 694; Piotrowski v. City of Houston, 237 F.3d 567, 578 (5th Cir. 2001). Thus, in addition to the underlying claim of a violation of rights, municipal liability under § 1983 requires proof of three elements: "a policymaker; an official policy; and a violation of constitutional rights whose 'moving force' is the policy or custom." Cox v. City of Dallas, 430 F.3d 734, 748 (5th Cir. 2005) (citations omitted).

An "official policy" may be either a written policy or "a persistent widespread practice of [municipal] officials or employees, which, although not authorized by officially adopted and promulgated policy, is so common and well settled as to constitute a custom that fairly represents municipal policy." Lawson v. Dallas County, 286 F.3d 257, 263 (5th Cir. 2002) (quoting Webster v. City of Houston, 735 F.2d 838, 841 (5th Cir. 1984) (en banc)). There must be a link between the policy and the constitutional violation, and the policy must be

maintained with an objective deliberate indifference to a constitutionally protected right. Id. at 264.

In this case, plaintiff was told by medical personnel working for the jail that the jail would not provide treatment for broken bones or debridement of wounds. These claims allege an unconstitutional policy that results in deliberate indifference to serious medical needs. Thus, it is respectfully recommended that plaintiff's Eighth Amendment claim for deliberate indifference be retained, and service ordered on Nueces County.

**D.     Plaintiff's Claim Against Defendant John Doe Should Be Retained.**

Plaintiff claims that Officer John Doe used excessive force when he kicked in the bathroom stall door, causing the injury to plaintiff's finger.

To state a claim for excessive force, plaintiff must show that the force was not applied in a good-faith effort to maintain or restore discipline, but was applied maliciously and sadistically to cause harm, and that the injury he suffered was more than *de minimis,* but not necessarily significant. See Hudson v. McMillian, 503 U.S. 1, 6, 10 (1992); Gomez v. Chandler, 163 F.3d 921, 923-24 (5th Cir. 1999); Siglar v. Hightower, 112 F.3d 191, 193 (5th Cir. 1997). The factors to be considered are (1) the extent of the injury suffered; (2) the need for application of force; (3) the relationship between that need and the amount of force used; (4) the

threat reasonably perceived by the responsible officials; and (5) any effort made to temper the severity of a forceful response. <u>Gomez</u>, 163 F.3d at 923.

Plaintiff testified that he was using the restroom and Officer John Doe kicked the door with such force as to break his finger. For purposes of § 1915A, plaintiff has stated sufficient facts to state a claim of excessive force. Thus, it is respectfully recommended that the Court retain this claim and order service on Officer John Doe.

### IV. RECOMMENDATION

For the reasons stated above, it is respectfully recommended that plaintiff's claims against the Nueces County Sheriff and the Nueces County Medical Director be dismissed for failure to state a claim. 28 U.S.C. §§ 1915(e)(2)(B) and 1915A(b)(1). It is also respectfully recommended that plaintiff's deliberate indifference to serious medical needs claim against Nueces County and his claim of excessive force against Officer John Doe be retained, and service ordered on these defendants.

Respectfully submitted this 2nd day of March 2010.

_____
BRIAN L. OWSLEY
UNITED STATES MAGISTRATE JUDGE

## NOTICE TO PARTIES

The Clerk will file this Memorandum and Recommendation and transmit a copy to each party or counsel. Within **FOURTEEN (14) DAYS** after being served with a copy of the Memorandum and Recommendation, a party may file with the Clerk and serve on the United States Magistrate Judge and all parties, written objections, pursuant to 28 U.S.C. § 636(b)(1)(C); Rule 72(b) of the Federal Rules of Civil Procedure; and Article IV, General Order No. 2002-13, United States District Court for the Southern District of Texas.

A party's failure to file written objections to the proposed findings, conclusions, and recommendations in a magistrate judge's report and recommendation within FOURTEEN (14) DAYS after being served with a copy shall bar that party, except upon grounds of *plain error*, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court. Douglass v. United Servs. Auto. Ass'n, 79 F.3d 1415 (5th Cir. 1996) (en banc).