UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
CORPUS CHRISTI DIVISION

| | | |
|---|---|---|
| DANNY JOE IRBY, | § | |
| | § | |
| Plaintiff, | § | |
| VS. | § | CIVIL ACTION NO. C-10-41 |
| | § | |
| NUECES COUNTY SHERIFF, *et al*, | § | |
| | § | |
| Defendants. | § | |

**ORDER ADOPTING IN PART**
**MEMORANDUM AND RECOMMENDATION**
**TO DISMISS CERTAIN CLAIMS AND RETAIN CASE**

On March 2, 2010 United States Magistrate Judge Brian L. Owsley signed a Memorandum and Recommendation recommending that Plaintiff Danny Joe Irby's claims of deliberate indifference to serious medical needs against the Nueces County Sheriff and the Nueces County Medical Director be dismissed, but his deliberate indifference claims against Nueces County and excessive force claims against Defendant Office John Doe be retained. (D.E. 7.)

Having reviewed the findings of fact and conclusions of law in the Memorandum & Recommendations, the Court hereby adopts as its own the findings and conclusions of the Magistrate Judge, subject to the following exception.

The Court does not adopt the Magistrate's findings as to Plaintiff's claims against the Nueces County Sheriff and the Nueces County Medical Director. (D.E. 7 at 4-5.) While "[s]upervisory officials are not liable for the actions of subordinates on a theory of vicarious liability or *respondeat superior*," it is well established that "supervisory liability exists even without overt personal participation in the offensive act if supervisory officials implement a policy so deficient that the policy itself is a repudiation of

constitutional rights and is the moving force of the constitutional violation." Brown v. Kelly, 294 Fed. Appx. 831, 832 (5th Cir. 2008) (citing Thompkins v. Belt, 828 F.2d 298, 303-04 (5th Cir. 1987)); Bustos v. Martini Club, Inc., __ F.3d __, 2010 WL 744301, at *6 (5th Cir. Mar. 5, 2010) ("Supervisors cannot be held liable on a theory of vicarious liability. But they can be held liable when the enforcement of a policy or practice results in a deprivation of federally protected rights."). With respect to Plaintiff's claims against Nueces County, the Magistrate concluded that Plaintiff has sufficiently alleged the existence of an "unconstitutional policy that results in deliberate indifference to serious medical needs." (D.E. 7 at 7.) This finding leads the Court to conclude that Plaintiff has also sufficiently asserted a claim of supervisory liability against the Nueces County Sheriff and the Nueces County Medical Director, to the extent they were responsible for enforcing such a policy, and are not impermissibly sued on a *respondeat superior* theory.

The Court concludes that Plaintiff is allowed to proceed on his claims of deliberate indifference to serious medical needs against the Nueces County Sheriff, the Nueces County Medical Director, and Nueces County, as well as his excessive force claims against Officer John Doe.

The clerk shall enter this Order and provide a copy to all parties.

SIGNED and ORDERED this 6th day of April, 2010.

_____
Janis Graham Jack
United States District Judge