IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
CORPUS CHRISTI DIVISION

DANNY JOE IRBY                              §
    TDCJ-CID #1010690                     §
                                           §
v.                                         §          C.A. NO. C-10-041
                                           §
NUECES COUNTY, ET AL.                      §

## OPINION GRANTING DEFENDANTS' MOTION FOR A PROTECTIVE ORDER

This is a civil rights action filed by a state prisoner pursuant to 42 U.S.C. § 1983.

Pending is defendants' joint motion to limit discovery by defendants Sheriff Jim Kaelin and Dr.

William C. Flores.  (D.E. 23).  Essentially, they are seeking a protective order barring plaintiff

from engaging in various discovery.  They are "asking that the Court limit discovery in this case

until John Doe and certain 'unidentified medical personnel' are identified."  Id. at 1.  Plaintiff

did not file any response to defendants' motion.

### I.  FACTUAL ALLEGATIONS AND PROCEDURAL HISTORY

Plaintiff is an inmate in the custody of the Texas Department of Criminal Justice-

Correctional Institutions Division.  His complaint alleges the denial of medical care while he was

in the custody of the Nueces County Jail in Corpus Christi, Texas.  A Spears[1] hearing was

conducted on February 23, 2010.  The following allegations were made in plaintiff's original

complaint, or at the hearing.

On January 8, 2010, plaintiff was incarcerated at the Nueces County Jail.  Following

breakfast and at approximately 4:00 a.m., while he was using the toilet in his cell, he heard

Officer John Doe yell, "Close the door!"  As plaintiff reached for the door, the officer kicked the

door shut, catching plaintiff's left index finger in the door frame.  He screamed, but the officer

_____

[1] Spears v. McCotter, 766 F.2d 179 (5th Cir. 1985).

did not do anything.

The next day, plaintiff went to the infirmary seeking medical attention.  While there, unidentified medical personnel told him that the Jail "did not treat broken fingers or debride wounds."  Thereafter, plaintiff sent three separate requests for medical treatment, but he was not seen again in the infirmary.

On January 13, 2010, an officer filled out a medical request form for him.  That officer then took plaintiff to the pill nurse seeking help for him.  She gave him an anti-inflammatory pill and a mild pain pill.

On January 14, 2010, plaintiff was transferred to West Texas Unit in Brownfield, Texas.  On January 15, 2010, prison medical personnel evaluated and diagnosed him with a broken finger and an infection.  He was then transferred to a hospital in Lubbock for treatment, where he received antibiotics and was operated on twice.

On March 2, 2010, a memorandum and recommendation was issued, recommending that plaintiff's claim for excessive force against John Doe and his claim against Nueces County for deliberate indifference to serious medical needs be retained.  (D.E. 7, at 5-9).  However, it was recommended that his claims against Sheriff Kaelin and Dr. Flores be dismissed.  Id. at 4-5.  Consequently, an order for service of process was issued for Nueces County and John Doe.  (D.E. 8).

The Court declined to adopt the recommendation regarding the dismissal of the claims against Dr. Flores and Sheriff Kaelin.  Therefore, an order for service of process was issued for these two defendants.  (D.E. 17).  These two defendants have filed answers asserting that they are entitled to qualified immunity.  (D.E. 21, 22).

## II.  DISCUSSION

Essentially, they are seeking a protective order barring plaintiff from engaging in various discovery.  Neither party points to any specific discovery requests.

Defendants assert qualified immunity as a defense to plaintiff's discovery request. Qualified immunity provides officials "not just immunity from liability, but immunity from suit," including discovery.  Vander Zee v. Reno, 73 F.3d 1365, 1368 (5th Cir. 1996) (citations omitted).  Indeed, the Fifth Circuit has explained that "[e]ven limited discovery on the issue of qualified immunity 'must not proceed until the district court *first* finds that the plaintiff's pleadings assert facts which, if true, would overcome the defense qualified immunity.'"  Id. at 1368-69 (citing Wicks v. Mississippi State Employment Serv., 41 F.3d 991, 994 & n.10 (5th Cir. 1995) (emphasis in original)).

The Fifth Circuit has explained that the Supreme Court's jurisprudence on the qualified immunity defense establishes "that qualified immunity does not shield government officials from all discovery, but only from discovery which is either avoidable or overly broad."  Lion Boulos v. Wilson, 834 F.2d 504, 507 (5th Cir. 1987) (emphasis added).  The court further elaborated on when discovery may be permitted despite the assertion of qualified immunity:

> Discovery orders entered when the defendant's immunity claim
> turns at least partially on a factual question; when the district court
> is unable to rule on the immunity defense without further
> clarification of the facts; and which are narrowly tailored to
> uncover only those facts needed to rule on the immunity claim are
> neither avoidable nor overly broad.

Id. at 507-08.

Defendants indicate that they want to engage in discovery to determine the identity of individuals, including defendant John Doe.  (D.E. 23, at ¶ 7).  Such an approach is reasonable in

595d10502c86a5e8

light of the desire by defendants to further understand plaintiff's claims.  However, plaintiff is

also entitled to limited discovery regarding defendants' qualified immunity defense.  Thus,

plaintiff is entitled to any discovery on that issue consistent with the Fifth Circuit's decision in

Lion Boulos.

### III.  CONCLUSION

Accordingly, defendants' joint motion to limit discovery, (D.E. 23), is GRANTED.

Defendants are ORDERED to produce only those documents which address defendants'

qualified immunity defense.

ORDERED this 28th day of May 2010.


_____
BRIAN  L. OWSLEY
UNITED STATES MAGISTRATE JUDGE